

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-26-2009

# Schwartzberg v. Mellon Bank NA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1110

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Schwartzberg v. Mellon Bank NA" (2009). *2009 Decisions.* Paper 1989.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1989

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 08-1110

———

ALBERT AVRAHAM SCHWARTZBERG,
*Appellant*

v.

MELLON BANK, N.A.

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(Case No. 06-cv-01006)
District Judge: The Honorable Terrence F. McVerry

———

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 6, 2009

Before: FUENTES and FISHER, *Circuit Judges*, and PADOVA,
*Senior District Judge**

(Filed: January 26, 2009)

———

---

*Hon. John R. Padova, Senior District Judge for the Eastern District of Pennsylvania,
sitting by designation.

_____

PADOVA, *Senior District Judge*

Appellant Avraham Schwartzberg sued his former employer, Mellon Bank, N.A. ("Mellon"), asserting claims of religious discrimination and retaliation under Title VII and the Pennsylvania Human Relations Act. He now appeals a District Court order granting summary judgment in Mellon Bank's favor on these claims. Inasmuch as we write this memorandum opinion only for the convenience of the parties, who are familiar with the facts, we need not reiterate those facts, which are set forth at great length in the District Court's memorandum opinion.

Schwartzberg is an Orthodox Jew, who holds a religious belief that homosexuality is immoral. On two occasions, Schwartzberg sent correspondence to employees at Mellon, expressing his beliefs about homosexuality in strident terms. After the first such correspondence, Mellon issued a warning to Schwartzberg that such conduct violated Mellon's harassment policy and would not be tolerated. After the second such correspondence, he was given a "Final Written Warning," which notified him that any other violations of Mellon's policies or procedures could result in further corrective action, including termination of his employment. Thereafter, Schwartzberg, who worked in Mellon's call center, was found sleeping on the job on three separate occasions. He was advised that this conduct was serious and that, given his Final Warning status, any subsequent violations of Mellon's policies could lead to termination. The very next day,

however, Schwartzberg was again found sleeping on the job and his employment was terminated.

Schwartzberg takes the position in his suit against Mellon that the issuance of the Final Written Warning constituted discrimination against him on account of his religious beliefs, and that it was the existence of this Final Written Warning that led to his termination, such that his termination was also discriminatory. On summary judgment, the District Court analyzed Schwartzberg's religious discrimination claim as a "failure to accommodate" claim, which requires proof that the plaintiff holds a religious belief that conflicts with an employer requirement. Finding that there was no evidence of any conflict between Schwartzberg's religious beliefs, i.e., his belief that homosexuality is immoral, and any employer requirement, including Mellon's policy against conduct that constitutes harassment, the District Court concluded that Schwartzberg had failed to make out a prima facie case of religious discrimination. With respect to Schwartzberg's retaliation claim, the District Court also concluded that the record did not contain evidence to support a prima facie case. As it explained, one element of the prima facie case for retaliation is proof of a causal link between protected activity and adverse employment action and, in this case, there was no evidence that Mellon was even aware that Schwartzberg had complained about religious discrimination until after it had discovered him sleeping on the job the first time and had warned him (a second time) that he could be terminated for any further violations. The District Court further noted that,

3

even if a prima facie case of retaliation had been developed, Schwartzberg failed to rebut the undisputed record evidence that the adverse action taken against him was based on non-discriminatory and non-retaliatory reasons.

We review orders granting summary judgment *de novo*, applying the same standard that is applied by the District Court. Int'l Assoc. Local 19 v. Herre Bros., Inc., 201 F.3d 231, 239 (3d Cir. 1999). Pursuant to Federal Rule of Civil Procedure 56, it is appropriate to grant summary judgment when the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.

On appeal, Schwartzberg argues, among other things, that the District Court erred in granting judgment in Mellon's favor on his religious discrimination claim based on his alleged failure to establish the elements of a prima facie case, when he had direct evidence of discrimination. He has, however, identified no direct evidence of discrimination in the summary judgment record, and we can discern none. Schwartzberg also appears to argue that the District Court should not have analyzed his claim using only the "classic legal framework of religious discrimination based on lack of accommodation." Br. of Appellant at 32. However, Schwartzberg himself largely characterized his claim as a lack of accommodation claim in his summary judgment papers and he has not presented evidence that would permit him to survive summary judgment on a disparate treatment theory.

4

We have considered all other arguments made by Schwartzberg on appeal and conclude that no further discussion is necessary. Indeed, after careful review of the appellate briefs and appendices submitted by the parties, we find no basis for disturbing the District Court's rulings. We will therefore affirm the judgment for substantially the same reasons as those set forth in District Judge McVerry's memorandum opinion dated January 8, 2008.